IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 6, 2017

## RICKEY BELL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 13-00529          John Wheeler Campbell, Judge**

_____

### No. W2016-01691-CCA-R3-PC
_____

Petitioner, Rickey Bell, appeals from the post-conviction court's dismissal of Petitioner's post-conviction petition following an evidentiary hearing. Petitioner asserts that he is entitled to relief because he received ineffective assistance of counsel in the proceedings leading to his convictions for one count of rape of a child, one count of aggravated sexual battery, one count of rape, and two counts of sexual battery by an authority figure. After a thorough review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Shannon M. Davis, Memphis, Tennessee, for the appellant, Rickey Bell.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Background*

Petitioner was convicted by a jury of rape of a child, aggravated sexual battery, rape, and two counts of sexual battery by an authority figure. He was sentenced to a total effective sentence of forty-nine years in the Department of Correction.

The proof at trial revealed that Petitioner and the victim are related to each other and that the victim resided in the same home with Petitioner during the time period when the sexual assaults occurred. The victim testified that prior to her thirteenth birthday, Petitioner "hunched" up and down on her "butt." Petitioner also had the victim

masturbate him numerous times. Also, Petitioner on one occasion performed oral sex on her prior to her thirteenth birthday.

The victim testified that after her thirteenth birthday, Petitioner would make her perform oral sex on him. The victim also described incidents when Petitioner forced her to have anal sex, and he rubbed her breasts the following morning. *State v. Rickey Bell*, No. W2014-00049-CCA-R3-CD, 2015 WL 84675, at *3-10 (Tenn. Crim. App. Feb. 26, 2015).

*Post-conviction Hearing*

Trial counsel testified that she had been employed as an Assistant Public Defender for twenty-one years, and she represented Petitioner from "arraignment on to certifying his appeal." She did not file a Rule 412 motion to explore the victim's sexual history because she could not find the victim. Trial counsel testified:

> I sent my investigator out several times and I was unable to locate the child's mother. We t[r]ied to serve her. We tried to speak with her about the case. It was my understanding that the custody had been transferred from the child's mother to a third party. I'm not for sure who that third party was and basically we had no contact with the victim of the crime.

Trial counsel explained that Petitioner had been previously indicted in 2005 for rape of a child involving the victim in the present case. The case was set for trial, and Petitioner ultimately pled guilty to misdemeanor assault by offensive touching in 2006. Before trial in the present case, the State filed a notice of intent to use Petitioner's 2005 reduced charge. Concerning the prior charge, trial counsel testified:

> The efforts I made to locate the prior rape of a child trial - - well, it was set for trial. It actually pled out to a misdemeanor assault. We did extensive research about the proper use and admittance into the present pending indictment that was set for trial. I tried to locate our office's file. Because our office did represent him on that prior case. I did not receive anything, just basically a bare bones file with an indictment in it. I obtained the preliminary hearing. I believe it was five minutes or less and it was recorded prior to digitization of the preliminary hearings it was on I want to say a three inch tape and I think everybody had pretty much done away with the machines to even play it. So I got that transcribed and it didn't offer very much. He was represented by private counsel in General Sessions on the earlier rape of a child case.

Trial counsel testified that she made efforts to locate everything about the prior charge before trial in the present case. She further testified: "Once I received notice from the

State of Tennessee of an intent to use the prior reduced charge against him, that's why I sta[r]ted digging for the earlier case."

On cross-examination, trial counsel testified that she spoke with the attorney from the public defender's office that represented Petitioner on the 2005 rape of a child case, and that attorney had no memory of the case. Trial counsel noted that she had obtained a copy of the transcript of the guilty plea hearing for the 2005 case, and she was aware of the allegations against Petitioner. Trial counsel agreed that the transcript of the guilty plea hearing indicated that the State agreed to reduce the charge against Petitioner because "the child had nonspecific findings from the MSARC [the Memphis Sexual Assault Resource Center], just a little redness, and that the DNA results came back from the rape kit indicating that there was no DNA connected to the case, connecting the case to [Petitioner]." The prosecutor also indicated that the victim's mother was avoiding contact with the prosecutor, had not been served with a subpoena, and she had not brought the victim to court. Trial counsel agreed that the guilty plea hearing transcript reflected that Petitioner's attorney also agreed to the following set of facts on his behalf: "[T]hat the eight year old advised her that her father had come to the bedroom the night before and pulled down her sho[r]ts and touched her private area, inside her private area, and her butt[.]" Trial counsel testified that all of that information was provided to the jury in the present case, and the transcript of the guilty plea was also made an exhibit to the 404(b) hearing and at trial.

Trial counsel agreed that the transcript of the preliminary hearing reflected that the victim was asked if she knew the "truth being telling the truth and telling a lie," and she said, "Yes." The victim testified that Petitioner had sex with her and that he touched the inside of her "private parts" with his penis. Trial counsel agreed that the victim's testimony was consistent with the facts recited by the State at the guilty plea submission hearing that were stipulated to by Petitioner. However, trial counsel noted that there was "some difference between the two." There was nothing to indicate that the 2005 charges against Petitioner had been reduced because the victim recanted her story.

Trial counsel testified that she attempted to locate witnesses that Petitioner told her about. She said that an investigator spoke with one of the witnesses who denied having any knowledge that "would be beneficial to present at trial." Trial counsel further testified: "We made contact with his sister, his pastor, and I believe there was a neighbor or friend or parent of a friend of the daughter, one of the daughters. Either they didn't respond or the addresses and phone numbers were incorrect."

Petitioner testified that trial counsel was ineffective for failing to investigate his case. He said:

> No investigation, she didn't have – she wouldn't even advocate on it.
> And I had a recantation and she was never able to get the District

- 3 -

Attorney's file to prove anything about it. And when she argued it in my motion for me pretrial, she's not going to be prepared for it, because she was prepared for a 2012 file. So she said that she was not going to be able to be effective. And her being ineffective by allowing the $250.00 fine charge to come on in. She could have advocate [sic] on it. She could have been more persistent with her continuation [sic], because it hurted [sic] me in trial for 2012.

   *     *     *

Because when they used the $250.00 fin[e] it impeached me, it brought up something that I was finished with in 2005, which is called double jeopardy. It had nothing to do with the case that I was on, at all. The 404B [sic] and the 609 cover me in that. And if that would have been advocated properly, or I could have a continuance and could have been prepared, later on. But that is how she became ineffective with the 2005. And as a professional, you can't go forward in trial, not being prepared.

   *     *     *

Yes, ma'am, because every time they talked about the $250.00 fine they're trying to make it look like I had a sexual charge, when it was offensive contact dealing with you could have slapped somebody, or punched somebody, which is an assault. But, the District Attorney keeps saying is it's a felony and an intent. But, by them allowing it to go in and shed light on me at trial, "Mr. Bell got arrested in 2005 for rape of a child and he's back again," which is impeaching me, showing the jury, see, that I was arrested before, for that assault, they are not looking that I have an assault, they're looking at what I got arrested for. So that severely tainted me and it hurted [sic] me in trial, because I was on trial in 2012 for a rape of a child. So that is how it severely tainted me and it hurted [sic] me.

On cross-examination, Petitioner testified that he was present at the guilty plea submission hearing for his 2005 case. He did not recall the prosecutor for the case, and he did not recall any statement of facts placed on the record by the prosecutor. Petitioner said that the trial judge was the only person who spoke to him during the guilty plea hearing, and the judge did not ask him any questions about a $250.00 fine. He said that he pled "guilty to a $250.00 fine[.]"

Petitioner testified that trial counsel for the present case could not investigate the pretrial motion concerning his 2005 case. He said, "They came to her with a $250.00 fine on my trial date and they started my trial, that day, so she couldn't investigate or call nobody, because we started trial, the same day." Petitioner recalled trial counsel advocating in his "motion for pretrial" that the 2005 case should not be admitted at trial in the present case.

- 4 -

*Analysis*

To obtain post-conviction relief, a petitioner must prove that his or her conviction or sentence is void or voidable because of the abridgement of a right guaranteed by the United States Constitution or the Tennessee Constitution. T.C.A. § 40-30-103; *Howell v. State*, 151 S.W.3d 450, 460 (Tenn. 2004). A post-conviction petitioner bears the burden of proving his or her allegations of fact by clear and convincing evidence. T.C.A. § 40-30-110(f); *Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009) (quoting *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)). In an appeal of a court's decision resolving a petition for post-conviction relief, the court's findings of fact "will not be disturbed unless the evidence contained in the record preponderates against them." *Frazier v. State*, 303 S.W.3d 674, 679 (Tenn. 2010).

A criminal petitioner has a right to "reasonably effective" assistance of counsel under both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). The right to effective assistance of counsel is inherent in these provisions. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984); *Dellinger*, 279 S.W.3d at 293. To prove ineffective assistance of counsel, a petitioner must prove both deficient performance and prejudice to the defense. *Strickland*, 466 U.S. at 687. Failure to satisfy either prong results in the denial of relief. *Id.* at 697.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 688; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). Moreover, the reviewing court must indulge a strong presumption that the conduct of counsel falls within the range of reasonable professional assistance, *see Strickland*, 466 U.S. at 690, and may not second-guess the tactical and strategic choices made by trial counsel unless those choices were uninformed because of inadequate preparation. *See Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982). The prejudice prong of the test is satisfied by showing a reasonable probability, i.e., a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of a guilty plea, the petitioner must show a reasonable probability that were it not for the deficiencies in counsel's representation, he or she would not have pled guilty but would instead have insisted on proceeding to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *House v. State*, 44 S.W.3d 508, 516 (Tenn. 2001).

Concerning the post-conviction petition in the present case, the trial court found:

In this case, the petitioner alleges that trial counsel was ineffective for not being prepared for trial or the 404(b) hearing. First of all, from the testimony, it appears that [trial counsel] was well prepared for trial. [Trial counsel] filed for discovery, filed a number of relevant motions, obtained the preliminary hearing tape of the 2005 case of the petitioner, talked to the petitioner's prior counsel, engaged an investigator to look for witnesses, consulted with the petitioner, and vigorously defended his case before the jury. This Court remembers trial counsel's strong advocacy for the petitioner at the trial of this case and her cross examination of the State's witnesses and her arguments to the Court and the Jury. The Court finds [trial counsel's] testimony credible.

The petitioner has presented no testimony or evidence that establishes that trial counsel's efforts fell below the standard of competent counsel. The petitioner offered nothing, except generalizations, concerning errors by trial counsel. No proof was offered that showed that critical issues and objections were missed by counsel. No proof was offered that showed that critical witnesses were available and could have offered testimony that could have made a difference at trial. The burden is on the petitioner to prove his allegations with clear and convincing evidence. *Grandstaff v. State*, 279 S.W.3d 208 (Tenn. 2009). Petitioner has the burden to establish his claims for relief. The Court will not assume what is not in evidence. In this case, no witnesses were called to establish that favorable testimony was available at the time of trial that was not produced by trial counsel. Petitioner's unsupported allegations are not sufficient to establish by clear and convincing evidence that both prongs of *Strickland* have been met to warrant relief under T.C.A. § 40-30-101 *et seq*.

As to allegations that trial counsel did not adequately investigate the prior case against the petitioner and determine if the victim recanted, the Court finds that counsel could have interviewed the former prosecutor, Vanessa King, and made an inquiry as to whether there reasons other than those mentioned in court or in the file that lead to the reduced guilty plea. However, the petitioner did not call Ms. King to establish that there was in fact a recantation of the victim in 2005. The petitioner has the burden of proving his allegations that counsel was deficient as well as showing that there was prejudice from counsel's failure to interview Ms. King. Petitioner has not met his burden of proof on this issue and the claim is denied.

The record in this case does not preponderate against the trial court's findings. Petitioner argues that trial counsel was not prepared for his trial or the 404(b) hearing

concerning his prior conviction for misdemeanor assault by offensive touching. He asserts that trial counsel admitted on the record that she was not prepared for trial and "that she had only prepared for 2012 not anything that could have been brought up in prior years." Petitioner also mentions that his attorney "did not explore the reasons that a[n] A felony was downgraded to a misdemeanor in the aforementioned case." However, Petitioner has not proven this claim by clear and convincing evidence. At the post-conviction hearing, trial counsel testified that concerning the 404(b) hearing and Petitioner's prior charge, she did "extensive research about the proper use and admittance into the present pending indictment that was set for trial." She also attempted to locate the file for the 2005 case, but she only received a "bare bones file with an indictment in it." She spoke with the attorney from the public defender's office that represented Petitioner on the 2005 charges, and that attorney had no memory of the case. Trial counsel testified that she made efforts to locate everything about the prior charge before trial. She specifically said: "Once I received notice from the State of Tennessee of an intent to use the prior reduced charge against him, that's why I sta[r]ted digging for the earlier case." Trial counsel obtained a recording of the preliminary hearing from the 2005 case and had it transcribed, which set forth the victim's testimony about Petitioner raping her, and the transcript also contained the State's reasons for reducing Petitioner's charge from rape of a child to misdemeanor assault, and she also obtained a transcript of the guilty plea hearing for the 2005 case. Trial counsel filed a motion in limine to exclude evidence of the prior case, and when the motion was denied, trial counsel argued for a continuance to subpoena the prosecutor. The continuance was also denied. Petitioner has not alleged anything specific that occurred during his trial that would support a finding that trial counsel was deficient in this area.

Additionally, Petitioner has not shown that he was prejudiced by trial counsel's performance. On direct appeal, this Court found that evidence relating to the 2005 charges was admissible because it:

> provided a contextual background to the case and was admissible to explain why the victim waited so long to report the Defendant's sexual abuse. The victim's testimony concerning the disruption and impact on her family caused by her reporting the Defendant's abuse in 200[5] was highly probative on the issue of the victim's five-year delay in reporting the abuse in the instant case and also, by extension, on the victim's credibility. On cross-examination, the victim was questioned about her lengthy delay in reporting the abuse. Had the victim been prohibited from explaining the reasons for her delay as they related to the 200[5] case, this would have created a conceptual void in the State's case that likely would have resulted in significant jury confusion over the issue. We acknowledge that the State elicited the evidence in question during its direct examination, but the Defendant's questions during cross-examination show that the victim's delay in reporting the abuse was a

material issue. While the evidence concerning the 200[5] case certainly contained proof of other similar crimes, wrongs, or acts by the Defendant, we conclude that the trial court did not abuse its discretion in finding that the probative value of the evidence was not outweighed by the danger of unfair prejudice in allowing the evidence to be admitted under Tennessee Rule of Evidence 404(b).

*Rickey Bell*, 2015 WL 84675, at *13. Furthermore, there was overwhelming proof of Petitioner's guilt. The victim testified that prior to her thirteenth birthday, Petitioner would ask her to masturbate him on "many" occasions. *Id*. at *14. She said that Petitioner would "expect me to do it by myself, but sometimes if he felt like I wasn't doing it the right way, he would still try to help me do it." *Id*. Petitioner also performed oral sex on her. The victim indicated that in August 2012 Petitioner raped her both anally and vaginally, and she gave details concerning the rape. The victim testified that she found blood in her underwear afterwards. *Id*. at *15. Dr. Karen Lakin testified that the victim told her that Petitioner penetrated her both vaginally and anally during the rape. She confirmed that she examined the victim and found evidence of "something that would have caused pain and bleeding," which the victim had reported to her. *Id*. She said that the victim had areas of tenderness, redness, and bruising in her vaginal area. Dr. Lakin testified that there were abrasions and injury to the victim's vaginal area and that the "abraded area could be consistent with the victim's reports of having bleeding on the previous day." *Id*.

Petitioner asserts that trial counsel was also ineffective for failing to "to look into the sexual history of the victim nor did she try to have a Motion heard as well." It was Petitioner's theory that the victim was "sexually active at the time that the crime occurred, yet [Petitioner's] attorney did not explore this theory which would have exonerated him." Again, Petitioner did not prove this claim by clear and convincing evidence. Trial counsel testified that she did not file a Rule 412 motion to explore the victim's sexual history because she could not find the victim. She sent an investigator out several times and was unable to locate the victim's mother to serve her with a subpoena or to speak with her about the case. Trial counsel also thought that custody had been transferred from the victim's mother to a third party. She was not sure of the identity of the third party. Therefore, she had no contact with the victim. Petitioner did not present any other evidence at the post-conviction hearing concerning the victim's sexual history or how trial counsel's performance in this area was deficient. He is not entitled to relief on this issue.

## CONCLUSION

We hold that Petitioner has failed to prove by clear and convincing evidence that trial counsel's representation was deficient or prejudicial. Thus, he failed to establish that he was denied the effective assistance of counsel at trial. Accordingly, the judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE